UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CONNIE RICHARD ET AL.                    CIVIL ACTION NO. 6:14-cv-02427

VERSUS                                   JUDGE DOHERTY

CITY OF PORT BARRE ET AL.                MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), which was filed by defendants Robert Avery and Aquieta Hebert, both of whom contend that they were not properly served. (Rec. Doc. 9). The motion is opposed. (Rec. Doc. 14). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 13). For the following reasons, the undersigned finds that Avery and Hebert were not properly served but recommends that the instant motion be DENIED, that the prior service be quashed, and that the plaintiff be afforded a limited opportunity to perfect proper service on Avery and Hebert.

## BACKGROUND

This lawsuit was brought under §§ 1983 and 1988 for allegedly excessive force used by members of the Port Barre, Louisiana police department during an altercation

on January 7, 2014.  The plaintiffs contend that, as plaintiffs Charles and Cijie Nevills were attempting to enter their property, they were stopped by Port Barre police officers Avery and Hebert.  They allege that Avery and Hebert escalated the situation by refusing to permit plaintiff Connie Richard to confirm that the Nevillses were the owners of the property, by illegally detaining plaintiff Paul Richard, Jr., by using excessive force in tasing plaintiff Charles Nevills, by refusing to permit Connie Richard or Cijie Nevills to call 911, and by using excessive force when aggressively seizing, detaining, and tasing Connie Richard.

The plaintiffs sued the City of Port Barre, the Port Barre Police Department, the city's police Chief Deon Boudreaux, police office Robert Avery, and police officer A. Hebert.  Officers Avery and Hebert were sued in both their individual capacities and in their official capacities.  Avery and Hebert now seek to have the claims against them dismissed on the basis that they have not been properly served.

## ANALYSIS

### A.   THE APPLICABLE STANDARD

Under Fed. R. Civ. P. 4(c)(1), a plaintiff is responsible for serving the defendant with a complaint and summons.  Proper service is important because "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid

service of process."[1]  "A court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant."[2]  Therefore, if a plaintiff fails to serve a defendant properly, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5), which authorizes the court to dismiss a civil action when service of process is inadequate.[3]

When a defendant questions the validity of service of process, "the plaintiff bears the burden of establishing its validity."[4]  The Court must then look beyond the complaint and determine what steps the plaintiff took in an effort to effect service.[5]

In resolving a motion pursuant to Rule 12(b)(5), the Court must determine whether the summons itself is sufficient and whether service of that summons was properly made.  Here, there is no issue regarding the sufficiency of the summonses themselves.  Avery and Hebert contend only that service of the summonses was not properly made.  If process has not been properly served on a defendant, the district

---

[1]     *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir.1979).  See, also, *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

[2]     *Trust Co. of Louisiana v. N.N.P. Inc.*, 104 F.3d 1478, 1486 (5th Cir. 1997).

[3]     See *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 510 (E.D.La.1985).

[4]     *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d at 1346; *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir.1980).

[5]     *Dunlap v. City of Fort Worth*, No. 4:13–CV–802–0, 2014 WL 1677680, at *2 (N.D.Tex. Apr.28, 2014) (quoting *Morris v. Liberty Mut. Ins. Co.*, No. 08–4247, 2009 WL 1941203, at *1 (E.D.La. July 7, 2009)).

-3-

court has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process and afford the plaintiff another opportunity to effect service.[6]  When a court finds that service is insufficient but the insufficiency is curable, "it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'"[7]  Dismissal of the complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained.[8] Ultimately, whether to dismiss an action or quash and allow for service to be re-attempted is within the broad discretion of the district court.[9]

## B.   WAS SERVICE PROPERLY MADE ON AVERY AND HEBERT?

Rule 4(e)(1) states that an individual present in the judicial district where the suit has been filed may be served in accordance with the law of the state where the judicial district is located.  Thus, Louisiana's service law is applicable in this case. Under Louisiana law, an individual may be served personally by delivering the summons to the person as per Louisiana Code of Civil Procedure Article 1222, by

---

[6]       *Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000), citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992).

[7]       *Albo v. Suzuki Motor Corp.*, Civ. No. 308–0139–KC, 2008 WL 2783508, *1 (W.D. Tex. July 2, 2008), quoting *Rhodes v. Sauer & Sohn, Inc.*, 98 F.Supp.2d 746, 750 (W.D. La. Apr. 4, 2000).

[8]       *Amous v. Trustmark National Bank*, 195 F.R.D. at 610, citing *Umbenhauer v. Woog*, 969 F.2d at 30.

[9]       *George v. U.S. Dept. of Labor*, 788 F.2d 1115, 1116 (5th Cir.1986).

-4-

service on another person "of suitable age and discretion" residing at the person's domicile as per Article 1233, or by service on a designated representative as per Article 1235.  The service returns at issue in this case show that the summonses for both Avery and Hebert were accepted by a person named Dawn Quebedeaux on September 12. 2014.  (Rec. Docs. 9-2 at 1, 3).  The address where Ms. Quebedeaux accepted the service papers is not disclosed on the face of the service returns or in the briefing, although the plaintiffs state, without any supporting evidence, that "service took place at Port Barre Police Department."  (Rec. Doc. 14 at 3).  Assuming that to be true, it is clear that neither Avery nor Hebert was served personally or at their domiciles, and there is no evidence that Ms. Quebedeaux was ever appointed by Avery or Hebert to serve as their representative for acceptance of service.  Therefore, the plaintiffs have not satisfied their burden of proving that service was properly made on Hebert or Avery under Articles 1222, 1233, or 1235.

The plaintiffs argue that service was properly made under Louisiana Civil Code Article 1265, which permits service on a public officer at his office either personally or, in his absence, by service on his employee of suitable age and discretion.  The plaintiffs refer to Avery and Hebert as "public officers," they contend that service was made at the Port Barre Police Department, and they contend that the person who accepted the delivery of the service papers was an employee of the police department.

-5-

But no evidence was presented in support of either of those two contentions. Furthermore, the plaintiffs have not established that Avery and Hebert are "public officers" as that term is used in Article 1265.

Avery and Hebert argue that they are not "public officers" as that term is used in Article 1265, referring to the definition of "public officer," which is set forth in La. R.S. 42:1.  According to that statute,

> As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.  "Public officer" is any person holding a public office in this state.

No authority has been presented for the proposition that this definition of "public office" is the one to be used in interpreting Article 1265.  Assuming, however, that it is the correct definition, no evidence, statutory authority, or jurisprudential authority has been presented by the plaintiffs to show that Avery and Hebert meet this definition of public officers.  Further, there is no evidence that service was made at the office of Avery and Hebert or that Ms. Quebedeaux was the employee of Avery or Hebert.  Therefore, the plaintiffs have not established that service on Avery and Hebert was properly made on September 12, 1014.  Furthermore, service on a police

department, other officers, or police station staff is generally insufficient to effect service on a police officer sued in his individual capacity.[10]

Avery and Hebert request that this Court dismiss the plaintiffs' complaint against them.  However, there is a reasonable prospect that proper service may yet be obtained in the near future if another attempt at serving them were made.  Moreover, neither Avery nor Hebert appears to have suffered any prejudice to their ability to defend this suit as a result of the defective attempt at service.  They have appeared in the case by virtue of the instant motion, on the same date, through the same counsel, as the other defendants have either answered the complaint (Rec. Doc. 8) or moved for dismissal of the complaint on other grounds (Rec. Doc. 10).  The delay, if any, occasioned by the improper service is minimal since the instant motion was filed prior to the expiration of the 120-day limit for service that is set out in Rule 4(m).  Finally, given that addresses of police officers are not generally readily available, it appears that the plaintiffs' attempt to serve Avery and Hebert at the Port Barre Police Department was not done in bad faith, but rather constituted an innocent, good faith mistake.

---

[10]     *Brown v. Lafayette City-Parish Consol. Gov't*, No. 6:13CV2436, 2014 WL 1212699, at *1 (W.D. La. Feb. 28, 2014), citing *Carter v. City of Thibodaux*, No. 13-105, 2013 WL 5673570, at *2-3 (E.D. La. Oct. 15, 2013).

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the pending motion (Rec. Doc. 9) should be DENIED, that the plaintiffs' claims against Officers Avery and Hebert not be dismissed; that the service on them, which was attempted through delivery to Ms. Quebedeaux, should be quashed; and that the plaintiffs should be afforded sixty days from the filing of a judgment on this motion to properly serve Avery and Hebert.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on December 22, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE


COPY SENT:

DATE:    12/22/2014
BY:          EFA
TO:          RFD
              cg

-9-