UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CONNIE RICHARD ET AL.                    CIVIL ACTION NO. 6:14-cv-02427

VERSUS                                   JUDGE DOHERTY

CITY OF PORT BARRE ET AL.                MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), which was filed by defendant Port Barre Police Department. (Rec. Doc. 10). The motion is unopposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 13). For the following reasons, the undersigned finds that the Port Barre Police Department is not a juridical entity with the procedural capacity to be sued and therefore recommends that the instant motion be GRANTED.

## BACKGROUND

This lawsuit was brought under §§ 1983 and 1988 for allegedly excessive force used by members of the Port Barre, Louisiana police department during an altercation on January 7, 2014. The plaintiffs contend that, as plaintiffs Charles and Cijie Nevills were attempting to enter their property, they were stopped by Port Barre police

officers Avery and Hebert.  They allege that Avery and Hebert escalated the situation by refusing to permit plaintiff Connie Richard to confirm that the Nevillses were the owners of the property, by illegally detaining plaintiff Paul Richard, Jr., by using excessive force in tasing plaintiff Charles Nevills, by refusing to permit Connie Richard or Cijie Nevills to call 911, and by using excessive force when aggressively seizing, detaining, and tasing Connie Richard.

The plaintiffs sued the City of Port Barre, the Port Barre Police Department, the city's police Chief Deon Boudreaux, police office Robert Avery, and police officer A. Hebert.  Officers Avery and Hebert were sued in both their individual capacities and in their official capacities.  The Port Barre Police Department now seeks to have the claims against it dismissed on the basis that this Court has no personal jurisdiction over it because it is not a juridical entity capable of being sued.

## ANALYSIS

When a defendant seeks dismissal of a claim for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing jurisdiction.[1]  "The plaintiff need not, however, establish jurisdiction by

---

[1]     *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982); *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

a preponderance of the evidence; a *prima facie* showing suffices."[2]  In resolving such a motion, this Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[3]  This Court must accept the plaintiff's uncontroverted allegations as true and must resolve all factual conflicts in the plaintiff's favor.[4]

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit.  Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Port Barre Police Department, which is neither an individual nor a corporation, is determined by the law of the state where the court is located.[5]

Under Louisiana law, a person may be either natural or juridical.  "A natural person is a human being.  A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."[6]  According to the Louisiana Supreme Court:

> The determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the

---

[2]   *Wyatt v. Kaplan,* 686 F.2d at 280; *Luv N'care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d at 469.

[3]   *Revell v. Lidov,* 317 F.3d 467, 469 (5th Cir. 2002).

[4]   *Wyatt v. Kaplan,* 686 F.2d at 280.

[5]   See, also, *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991).

[6]   Louisiana Civil Code Article 24.

-3-

particular purpose at issue.  In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.[7]

In this case, the Port Barre Police Department submitted the affidavit of Gil Savoy, Jr., the mayor of the Town of Port Barre, who stated therein that the Port Barre Police Department is a subdivision of the town and "is not an autonomous, separate, independent[,] or distinct body corporate but rather is merely an agency or division of the greater corporate juridical body, that being the Town of Port Barre."  (Rec. Doc. 10-2).  Mr. Savoy further stated that "the Town of Port Barre has not granted the police department the status of a corporate body and has not placed it under a separate board with powers of self government."  (Rec. Doc. 10-2).  The plaintiffs did not respond to the motion or submit any evidence in an attempt to refute the facts set forth in Mr. Savoy's affidavit.

Accordingly, the undersigned finds that the Port Barre Police Department is an agency or department of the Town of Port Barre that does not function independently of the Town and, for that reason, does not have the legal capacity to be sued.  For

---

[7]    *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 346-47 (La. 1994).

-4-

these reasons, the undersigned recommends that the pending motion (Rec. Doc. 10) be granted.

## CONCLUSION

Having found that the defendant referred to in the plaintiffs' complaint as "the Port Barre Police Department" lacks the capacity to be sued.  For that reason, the undersigned recommends that the pending motion (Rec. Doc. 10) should be GRANTED and the plaintiffs' claims against the Port Barre Police Department should be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

-5-

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on December 22nd, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE


COPY SENT:

DATE:   12/22/2014
BY:          EFA
TO:          RFD
                 cg

-6-